UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAQUAY OSBORNE,

    Defendant.
_____/

Case No. 21-20266

Hon. George Caram Steeh

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS INDICTMENT (ECF NO. 29)

Defendant Taquay Osborne moves to dismiss the indictment against him due to excessive preindictment delay. In support of his motion, defendant relies on the Due Process Clause of the Fifth Amendment and the Federal Rules of Criminal Procedure 12(b)(3)(A)(ii) and 48(b). The matter has been fully briefed and is ready for determination by the Court. For the reasons explained below, defendant's motion is DENIED.

## BACKGROUND FACTS

On July 10, 2018, the 36th District Court in Wayne County, Michigan issued a warrant in connection with a complaint charging Osborne with armed robbery. (Case No. 1805849001, 36 Dist. Ct., Wayne County, MI). On August 22, 2018, following a foot chase, police officers with the Detroit

-1-

Police Department's Gang Intelligence Unit arrested Osborne for unlawful possession of a handgun and in connection with the outstanding robbery warrant.

On November 27, 2018, Osborne pled guilty in the Third Judicial Circuit Court to one count of unarmed robbery and was later sentenced to 2 to 15 years of imprisonment. (Case No. 18-007059-01-FC, 3rd Cir. Ct., Wayne County, MI). The State of Michigan did not charge Osborne in connection with his possession of the firearm on the day of his arrest. Osborne served his sentence and was released from custody in August of 2020.

The assistant united states attorneys ("AUSAs") assigned to the instant case state that they did not learn of Osborne's August 2018 arrest until December 2020. When the AUSAs did learn of the arrest, they identified Osborne's possession of a firearm on that day as a potential violation of 18 U.S.C. § 922(g). On February 24, 2021, the government obtained a complaint charging Osborne with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Osborne was indicted on April 21, 2021 and was arraigned on June 28, 2021.

The government produced discovery on May 6, 2021 and supplemented discovery on July 2, 2021. At Osborne's request, the parties

stipulated to continue the trial date three times since his arraignment. Trial was most recently set for May 24, 2022. Osborne filed the instant motion to dismiss on March 10, 2022.

## LAW AND ANALYSIS

The Fifth Amendment's Due Process Clause "protects against oppressive pre-indictment delay." *United States v. Schaffer*, 586 F.3d 414, 424–26 (6th Cir. 2009) (citing *United States v. Marion*, 404 U.S. 307 (1971) and *United States v. Lovasco*, 431 U.S. 783, 789 (1977)). The Due Process Clause "serves a limited role in safeguarding oppressive delay," however, with statutes of limitations instead serving as "the primary safeguard against overly stale criminal charges." *United States v. Szilvagyi*, 417 F. App'x 472, 479 (6th Cir. 2011) (citing *Lovasco*, 431 U.S. at 789) (internal quotation marks omitted).

In the Sixth Circuit, "dismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial, [and 2] and that the delay was an intentional device by the government to gain a tactical advantage." *Schaffer*, 586 F.3d at 424 (internal quotation marks and citations omitted). "Both elements are difficult to establish, and a defendant who moves to have his indictment dismissed for pre-indictment delay faces an uphill battle." *United States v. Lively*, 852

F.3d 549, 566 (6th Cir. 2017). A delay in bringing an indictment that is reckless or negligent is insufficient; the defendant must show that the government acted with intent to gain a tactical advantage. *United States v. Castro-Ramirez*, No. 09-20215, 2009 WL 4950504, at *4 (E.D. Mich. Dec. 15, 2009).

I.    Actual and Substantial Prejudice to Defendant

The defendant bears the burden of demonstrating prejudice. *United States v. Norris*, 501 F. Supp. 2d 1092, 1097 (citing *United States v. Lawson*, 780 F.2d 535, 541–42 (6th Cir. 1985)). Osborne alleges three categories of prejudice resulting from pre-indictment delay: (1) the inability to reach a global resolution of his state robbery and federal firearm charges, (2) fading witness memories and loss of evidence, and (3) the introduction of evidence at trial in this case that he initially faced unarmed robbery charges in his state case.

    A.    Global Resolution

Osborne asserts that if he had been charged with the federal offense at the same time as his state robbery offense in 2018, he either would have benefited from a global resolution resolving both cases or he would have received concurrent sentences in state and federal court. As such, the delay in bringing federal charges deprived him of these opportunities,

-4-

resulting in actual prejudice. This argument fails. The proper inquiry here is whether pre-indictment delay prejudiced Osborne's constitutional right to a fair trial in this case. Not having the opportunity to reach a global resolution or seek a more favorable sentence, even assuming those opportunities would have existed, is irrelevant to his right to a fair trial in this case.

B.   Loss of Memory and Evidence

"[T]he Sixth Circuit has squarely held that loss of memory is insufficient to establish prejudice as a matter of law." *Norris*, 501 F. Supp. 2d at 1098 (citing *United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003) (rejecting the defendant's argument that he suffered actual prejudice because a key witness' memory appeared to have faded)). Here, the primary witnesses are the three police officers who saw Osborne, chased and apprehended him, and recovered the firearm. However, all three officers authored detailed reports which can be used to refresh their recollections.

The government admits that the body camera footage and dash camera footage from Osborne's arrest have been lost. Osborne maintains that if the government had indicted him in a timely fashion, his counsel would have sought to preserve the camera footage. "A violation of [the Due Process Clause] requires some showing that the evidence lost would be

both material and favorable to the defense . . . ." *United States v. Vaughn*, 444 F. App'x 875, 878 (6th Cir. 2011) (citing *United States v. Valenzuela–Bernal*, 458 U.S. 858, 873 (1982)). Osborne offers no explanation as to how body and dash camera footage would be exculpatory. Meanwhile, he will have the opportunity to cross-examine the officer's regarding their observations and account of what occurred.

Osborne also asserts he is prejudiced by the lack of testing of DNA taken from the gun. While law enforcement officers routinely obtain DNA samples from recovered firearms, those samples are not routinely tested, especially in cases such as this where officers saw the defendant with a gun. Osborne's claim that the government would have tested the DNA if the indictment had been brought more promptly is purely speculative. Again, Osborne will have the opportunity to cross-examine the officers about what occurred on the date of his arrest.

C.  <u>Evidence of Initial State Charges</u>

Osborne argues he will be prejudiced if the jury is presented with evidence of his two dismissed armed robbery charges. The government responds that the initial armed robbery charges are irrelevant to the charges in this case, and sates that it has no intention of introducing evidence of those initial charges at trial.

The Court finds that Osborne has not established that he suffered actual prejudice from any pre-indictment delay. Therefore, because the indictment was issued well within the five-year statute of limitations, the Court denies the motion to dismiss. *See Schaffer*, 586 F.3d at 424–26 (pre-indictment delay not fatal where indictment returned within the limitations period and no showing of actual prejudice); 18 U.S.C. § 3282 (establishing a five-year statute of limitations for Title 18 offenses).

II.   Government Intent to Gain a Tactical Advantage

In addition to substantial prejudice, "the defendant must show that the government purposely delayed in order to gain a tactical advantage over the defendant." *United States v. Rogers*, 118 F.3d 466, 476 (6th Cir. 1997) (internal quotation marks and citations omitted). The defendant has the burden to show "that the delay between the alleged incident and the indictment was an intentional device on the part of the Government to gain a decided tactical advantage in its prosecution." *Schaffer*, 586 F.3d at 425; *Vaughn*, 444 F. App'x at 880. "The applicable standard, [ ] neither imputes nor presumes an improper purpose where the defendant simply cannot fathom a valid reason for the delay." *Schaffer*, 586 F.3d at 426 (citation omitted); *United States v. Thomas*, 404 F. App'x 958, 961 (6th Cir. 2010) (citing *Schaffer*, 586 F.3d at 426, wherein the court held a five-year delay

-7-

was constitutionally permissible). The Sixth Circuit requires the defendant to explicitly prove intent. Castro-Ramirez, 2009 WL 4950504, at *4 (citing *United States v. Sabath*, 990 F. Supp. 1007, 1017 (1998)) (noting that the Sixth Circuit, and six other circuits, adopt the bright-line rule that pre-indictment delay can never violate due process without a showing of bad faith); *see also United States v. Banks*, 27 F. App'x 354, 357 (6th Cir. 2001).

The government states that it did not learn of Osborne's August 2018 arrest or his state robbery case until December 2020. Osborne provides no support for his assertion that the federal government should have known about the state case and charged the federal case close in time other than that it belies logic because the government has close working relationships with local law enforcement agencies and the Wayne County Prosecutor's Office.

Osborne's other argument is that the government had an improper purpose in indicting him, that being it believed that Osborne had information about other criminal activity. This argument challenges the government's motivation for charging Osborne, not the government's reason for the delay in charging him, which is the issue here.

CONCLUSION

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that defendant Osborne's motion to dismiss the indictment (ECF No. 29) is DENIED.

Dated: June 16, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 16, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk